| UNITED STATES DISTRICT COURT | § | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| LOUIS M. LAZORWITZ, | § § | |
| Petitioner, | § § | |
| versus | § § | CIVIL ACTION NO. 1:14-CV-110 |
| WARDEN H. VASQUEZ, | § § | |
| Respondent. | § § | |

# MEMORANDUM OPINION AND ORDER

Petitioner, Louis M. Lazorwitz, a federal prisoner formerly confined at FCC Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner filed the above-referenced petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends his money laundering count merged with his fraud counts and, as such, he is actually innocent of the money laundering count pursuant to *United States v. Santos*, 553 U.S. 507 (2008). The Government was ordered to show cause on March 14, 2014 (docket entry no. 5) and filed a Response on July 14, 2014 (docket entry no. 11). Petitioner filed a Motion for Summary Judgment on November 20, 2014 (docket entry no. 15). The Magistrate Judge to whom this case was referred entered a Report and Recommendation on August 5, 2015, recommending the motion for summary judgment be denied (docket entry no. 19). After seeking an extension, petitioner filed Objections to the Report and Recommendation on October 2, 2015 (docket entry no. 26). In light of the Objections, the Magistrate Judge entered a Supplemental Show Cause Order on June 7, 2017 (docket entry no. 33). A Response to the Supplemental Show

Cause Order was entered on August 17, 2017 (docket entry no. 37). On December 17, 2018, the Magistrate Judge entered a Report and Recommendation, recommending the petition for writ of habeas corpus be dismissed for lack of subject matter jurisdiction (docket entry no. 44). Receiving no Objections to the Report and Recommendation, a Memorandum Opinion and Order Adopting the Report and Recommendation and Final Judgment were entered on January 29, 2019 (docket entry no. 45 & 46). On March 28, 2019, petitioner filed a Motion for Reconsideration stating he did not receive the Report and Recommendation until past the deadline for Objections (docket entry no. 49).

## STANDARD OF REVIEW

Because the motion was filed more than 28 days after Final Judgment was entered, this Court liberally construes the Motion for Reconsideration as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) of the Federal Rule of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b) (1)-(5). In addition, Rule 60(b) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the given enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). To prevail on a motion to set aside judgment,

2

a defendant must also show "good cause." *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D. Tex. 1995). Generally, Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 19897) (citations omitted). Such a motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time. FED. R. CIV. P. 60(b).

The Supreme Court has cautioned that Rule 60(b)(6) should only be applied in extraordinary circumstances. *See Ames v. Miller*, 184 F.Supp.2d 566, 575 (N.D. Tex. 2002) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S., 847, 863 (1988); *Ackermann v. United States*, 340 U.S. 193 (1950)). The court enjoys considerable discretion when determining whether the movant has satisfied the Rule 60(b)(6) standard. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

After considering petitioner's objections, this Court finds the objections lacking in merit. As outlined by the Magistrate Judge, the United States Supreme Court decided *Santos* on June 2, 2008, during the pendency of petitioner's first § 2255 motion in the Eastern District of North Carolina. In this first § 2255 motion, petitioner argued *Santos* invalidated his conviction for money laundering in his Reply to the Government's Response. *United States v. Santos*, 5:04-CR-161 (docket entry no. 74).[1] The District Court denied the motion to vacate, set aside or correct sentence after considering the Government's Response and the entire record (docket entry nos. 79 & 80).

---

[1] The docket entry numbers referenced hereinafter refer to petitioner's criminal case in the Eastern District of North Carolina.

3

Petitioner then filed a Motion for Certificate of Appealability on March 27, 2009, re-urging his § 2255 motion and his added *Santos* claims. *Id*. (docket entry no. 82). Petitioner also filed a Notice of Appeal. *Id*. (docket entry no. 83). On March 31, 2009, the District Court denied the Motion for Certificate of Appealability. *Id*. (docket entry no. 85). After making an independent review of the record, the Fourth Circuit Court of Appeals also denied the certificate of appealability and dismissed the appeal on April 23, 2010. *Id*. (docket entry no. 92).

In order to invoke the savings clause, petitioner's claims must be based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense <u>and</u> was foreclosed by circuit law at the time when the claim should have been raised in petitioner's trial, appeal or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 904 (5th Cir. 2001). As outlined above and in the Report and Recommendation, petitioner's *Santos* claim was clearly available to him during the pendency of his § 2255 motion. Because petitioner's § 2255 motion was not inadequate or ineffective to test his detention, this Court lacks subject matter jurisdiction to consider petitioner's § 2241 petitioner asserting his claims pursuant to *Santos*. Contrary to petitioner's belief, this is a jurisdictional requirement that cannot be ignored by this Court. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003) (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

**ORDER**

Accordingly, petitioner's Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**.

SIGNED at Beaumont, Texas, this 12th day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE